Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY GIRON and M. ANTONIO GIRON | Case No. 23-cv-1764 |
| *Plaintiff*, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| GREENPORT CONSTRUCTION, LLC, RAY STEFFEN and JUAN JOSE MELENDEZ POLVO. | |
| *Defendants*. | |

----------------------------------------------------X

ANTHONY GIRON And M. ANTONIO GIRON ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., and as against, GREENPORT CONSTRUCTION, LLC, RAY STEFFEN, and JUAN JOSE MELENDEZ POLVO (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of GREENPORT CONSTRUCTION, LLC at 120 East 23rd Street, Suite 5022 New York, NY 10010 that was owned and operated by Defendants RAY STEFFEN and JUAN JOSE MELENDEZ POLVO.

2. Plaintiffs are father and son. They were employed as construction workers for the Defendants' construction business in New York City.

3. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

4. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

5. Plaintiffs now bring this action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8. Plaintiff ANTHONY GIRON ("Plaintiff ANTHONY GIRON") is an adult individual residing in Queens County, New York.

9. Plaintiff M. ANTONIO GIRON ("Plaintiff ANTONIO GIRON") is an adult individual residing in Queens County, NY.

10. GREENPORT CONSTRUCTION, LLC is a domestic Corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 120 East 23rd Street, Suite 5022 New York, NY 10010.

11. Defendant RAY STEFFEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RAY STEFFEN is sued individually in his capacity as an employer and as an owner, officer and/or agent of Defendant Corporations.

12. Defendant RAY STEFFEN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

13. Defendant RAY STEFFEN is the CEO of Greenport Construction and the sole 100% shareholder of the corporation.

14. Defendant RAY STEFFEN had the power to hire and fire employees of the Defendants, including Plaintiffs.

15. Defendant RAY STEFFEN controlled the payroll practices and maintained the payroll records of Defendants' warehouse operations.

16. Defendant RAY STEFFEN hired and fired management staff and other employees of Defendants' operations.

17. Defendant RAY STEFFEN had the power to set schedules and pay rates for Plaintiffs and other employees.

18. Defendant RAY STEFFEN had the authority and power to enter into leases and business contracts on behalf of the Defendants in the operations of the construction company where Plaintiffs worked by virtue of his role as the CEO.

19. Defendant RAY STEFFEN was the final word on decisions in the company and endorsed the pay practices executed by his manager, Defendant JUAN JOSE MELENDEZ.

20. Defendant JUAN JOSE MELENDEZ POLVO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JUAN JOSE MELENDEZ POLVO is sued individually in his capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

21. Defendant JUAN JOSE MELENDEZ POLVO possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

22. Defendant JUAN JOSE MELENDEZ POLVO was a supervisor for the Defendants construction operations and supervised operations on a day to day basis.

23. Defendant JUAN JOSE MELENDEZ POLVO had the authority to hire and fire employees, and did in fact hire and fire each Plaintiff.

24. Defendant JUAN JOSE MELENDEZ POLVO set pay rates for employees, he had the authority to set schedules and he assigned work tasks to employees, *inter alia*.

25. Defendant JUAN JOSE MELENDEZ POLVO directly assigned job sites to the Plaintiff, and other employees, along with each day's tasks.

26. Defendant JUAN JOSE MELENDEZ POLVO directly handed Plaintiffs' their payment and often issued payment by personal check under his own name.

27. Defendant JUAN JOSE MELENDEZ POLVO kept track of Plaintiffs' hours in a personal notebook he did not share with the Plaintiffs, or other employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants are associated and joint employers, act in the interest of each other with respect Greenport Construction LLC.

29. Defendants shared common operations and acted jointly in the operation Greenport.

30. Each Defendant possessed substantial control over Plaintiffs' working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31. Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff.

33. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

34. Upon information and belief, in each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most if not all of the lumber, cement, power tools, machine lubricants and other supplies were produced outside of New York State.

36. Defendants employed more than 11 employees per year during the relevant time period.

37. The majority of the projects upon which Plaintiffs worked were in Queens or Brooklyn.

*Plaintiff ANTHONY GIRON*

38. Plaintiff ANTHONY GIRON was employed by Defendants from approximately December 2020 until February 2022.

39. Throughout his employment with defendants, Plaintiff ANTHONY GIRON was employed by Greenport Construction as a construction worker and general laborer.

40. Over the course of his employ, Plaintiff's duties included such diverse tasks as framing, mixing compound, hanging sheetrock, building bases and foundations for walls and painting, along with other construction tasks depending on the job.

41. Plaintiff ANTHONY GIRON regularly handled goods produced in interstate commerce, such as compound, power tools, lumber, lubricants and other supplies produced outside the state of New York.

42. Plaintiff ANTHONY GIRON regularly interacted with interstate businesses through the operations of the warehouse.

43. Plaintiff ANTHONY GIRON' work was supervised and his duties required neither discretion nor independent judgment.

44. Plaintiff ANTHONY GIRON regularly worked in excess of 40 hours per week.

45. Throughout his employ, Plaintiff ANTHONY GIRON typically worked six (6) days a week with every alternate week working 7 days:

    a. Monday: 7:00 A.M. until 5:00 P.M.

    b. Tuesday: 7:00 A.M. until 5:00 P.M.

    c. Wednesday: 7:00 A.M. until 5:00 P.M.

    d. Thursday: 7:00 A.M. until 5:00 P.M.

    e. Friday: 7:00 A.M. until 5:00 P.M.

      f.    Saturday: 8:00 A.M. until 3:00 P.M.

      g.    Sunday:  8:00 A.M. to 3:00 P.M. (alternate weeks)

46.    Plaintiff did have a 30 minute lunch break each day.

47.    Plaintiff typically worked 52.5 hours and 57.75 hours on alternate weeks.

48.    Defendant JUAN JOSE MELENDEZ POLVO frequently paid Plaintiff for less hours than he worked nearly every week.

49.    Defendants paid Plaintiff ANTHONY GIRON an hourly rate of $18.00 with no premium for his overtime hours.

50.    No notification was given to Plaintiff ANTHONY GIRON regarding overtime and wages under the FLSA and NYLL.

51.    Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

52.    Defendants never provided Plaintiff ANTHONY GIRON with each payment of wages a statement of wages, as required by NYLL 195(3).

53.    Defendants never provided Plaintiff ANTHONY GIRON, any notice in English and in Spanish (Plaintiff ANTHONY GIRON' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff ANTONIO GIRON*

54.    Plaintiff ANTONIO GIRON was employed by Defendants from approximately November 2020 until approximately July 15, 2022.

55.    Throughout his employment with defendants, Plaintiff ANTONIO GIRON was employed by Greenport Construction as a construction worker and general laborer.

56. Over the course of his employ, Plaintiff's duties included such diverse tasks as installing bricks and stonework, injecting foam, mixing cements and other construction related tasks.

57. Plaintiff ANTONIO GIRON regularly handled goods produced in interstate commerce, such as compound, power tools, bricks, stones, mortar, lubricants and other supplies produced outside the state of New York.

58. Plaintiff ANTONIO GIRON regularly interacted with interstate businesses through the operations of the warehouse.

59. Plaintiff ANTONIO GIRON' work was supervised and his duties required neither discretion nor independent judgment.

60. Plaintiff ANTONIO GIRON regularly worked in excess of 40 hours per week.

61. Throughout his employ, Plaintiff ANTONIO GIRON typically worked six (6) days a week with every alternate week working 7 days:

   a. Monday: 7:00 A.M. until 5:00 P.M.

   b. Tuesday: 7:00 A.M. until 5:00 P.M.

   c. Wednesday: 7:00 A.M. until 5:00 P.M.

   d. Thursday: 7:00 A.M. until 5:00 P.M.

   e. Friday: 7:00 A.M. until 5:00 P.M.

   f. Saturday: 8:00 A.M. until 3:00 P.M.

   g. Sunday: 8:00 A.M. to 3:00 P.M. (alternate weeks)

62. Plaintiff did have a 30-minute lunch break each day.

63. Plaintiff typically worked 52.5 hours and 57.75 hours on alternate weeks.

64. Defendant JUAN JOSE MELENDEZ POLVO frequently paid Plaintiff for less hours than he worked nearly every week.

65. For the first two months of his employ, Plaintiff ANTONIO GIRON was paid $16.50 per hour with no premium for his overtime hours.

66. Except for the first two months and the last two months of his employ, Defendants paid Plaintiff ANTONIO GIRON an hourly rate of $18.00 with no premium for his overtime hours.

67. For the last two months of his employ, Plaintiff ANTONIO GIRON an hourly rate of $20.00 with no premium for his overtime hours

68. No notification was given to Plaintiff ANTONIO GIRON regarding overtime and wages under the FLSA and NYLL.

69. Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

70. Defendants never provided Plaintiff ANTONIO GIRON with each payment of wages a statement of wages, as required by NYLL 195(3).

71. Defendants never provided Plaintiff ANTONIO GIRON, any notice in English and in Spanish (Plaintiff ANTONIO GIRON' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Plaintiffs were individually engaged in interstate commerce.

77. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

79. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

81. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. Plaintiffs were individually engaged in interstate commerce.

84. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

93. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

94. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

95. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

96. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

98. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

99. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

103. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

104. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)   Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c)   Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)   Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)   Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime and minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)   Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g)   Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs,

(h)   Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i)   Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiffs damages for the amount of unpaid overtime wages, unpaid minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiffs unpaid spread of hours pay and liquidated damages and interest;

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(o) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
March 7th, 2023

By: */s/ Colin Mulholland*

15

Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*